IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 CR 346-1 |
| v. | ) | |
| | ) | Hon. George W. Lindberg |
| MARYANNE KOLL, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court is defendant Maryanne Koll's ("Koll") motion to dismiss the

superseding information ("information"), pursuant to Federal Rules of Criminal Procedure

("Rules") 7(c)(1) and 12(b)(3)(B). The information charges Koll with one count of wire fraud in

violation of Title 18, United States Code, Section 1341 ("Section 1341"). For the reasons set

forth more fully below, the motion to dismiss is granted.

*I. Relevant Facts*

The information alleges that between no later than January 2003 and May 2007, Koll and

her co-defendant, Robert Henry[1] ("Henry"), participated in a scheme to defraud and obtain

property owned by the State of Illinois and the Illinois Department of Public Health ("IDPH") by

means of materially false and fraudulent pretenses. Specifically, Koll is charged with

fraudulently obtaining sanitation certificate exam books and other exam-related materials from

the IDPH in furtherance of her venture to procure IDPH sanitation certificates from the State of

Illinois for individuals who had not attended an IDPH-approved sanitation certificate course.

---

[1]Mr. Henry pled guilty to the wire fraud charge in the superseding information on
December 12, 2007.

During all times relevant to this case, Koll was an IDPH-approved instructor for Illinois food service sanitation manager certificate courses. According to the information, she used her position as an approved instructor for her own gain by arranging to provide sanitation certificates to individuals without requiring those individuals to take, or pass the IDPH required examination. In exchange for a fee of $300 to $400, Koll allegedly made materially fraudulent representations and promises to the IDPH regarding individuals' attendance at the required certification course.

According to the information, Koll fraudulently completed sanitation examinations for individuals. Koll's co-defendant, Henry, arranged for certificate applicants to partially complete sanitation exam answer sheets with their names and other personal information, but with the answers to the exam left blank. Then, Koll completed and/or altered the exam answer sheets to insure that the individuals passed the examination and receive a sanitation certificate. The information does not allege that Koll disclosed the questions and/or answers to the sanitation examination to anyone. It also does not allege that she retained the sanitation certificate exam books or other exam-related materials for more than the 10 days allowed by the IDPH. To the contrary, the information specifically states that Koll returned the exam books and other exam-related materials, which were the exclusive property of the State of Illinois, to the IDPH.

## II. Legal Analysis

### A. Applicable Legal Standard

At this stage in the proceedings, the court takes the facts in the information as true and "view[s] all facts in the light most favorable to the government." *United States v. Yashar,* 166 F.3d 873, 880 (7th Cir.1999). Pursuant to Rule 7(c)(1), an information "must be a plain, concise,

and definite written statement of the essential facts constituting the offense charged."

FED.R.CRIM.P. 7(c)(1). To withstand a motion to dismiss, "an [information] must allege that the

defendant performed acts which, if proven, constituted a violation of the law that he or she is

charged with violating." *United States v. Gimbel,* 830 F.2d 621, 624 (7th Cir.1987). Koll argues

that the instant information fails to meet the precepts of Rule 7(c)(1) because the facts alleged

therein, even if proven, would not constitute a violation of Section 1341.

### B. Mail Fraud

Mail fraud is a federal crime as established by Section 1341. The code section states, in

relevant part, "[w]hoever, having devised or intending to devise any scheme or artifice to

defraud, or for obtaining money or property by means of false or fraudulent pretenses, . . . for the

purpose of executing such scheme . . ., places in any authorized depository for mail matter, any

matter or thing whatever to be sent or delivered by the Postal Service," can be found guilty of

mail fraud. 18 U.S.C. § 1341.

To prove mail fraud, the evidence must establish beyond a reasonable doubt that

defendant knowingly and willfully: (1) participated in a scheme to defraud; (2) with intent to

defraud; and (3) used the mail in furtherance of the scheme. *United States v. Sloan*, 492 F.3d

884, 890 (7th Cir. 2007). Further, the object of the alleged scheme to defraud must be a

traditionally recognized property right. *United States v. Stephens*, 421 F.3d 503, 507 (7th Cir.

2005).

It is undisputed that the sanitation certificates do not constitute property for purposes of

Section 1341. *See Cleveland v. United States*, 531 U.S. 12 (2000). Accordingly, the

government's charging theory in this case is that Koll defrauded the State of Illinois of the exam

books and other exam-related materials, not the sanitation certificates. However, paragraph 20 on page 11 of the information states that Koll "caused to be mailed or sent via commercial interstate carrier to IDPH completed but ungraded Answer Sheets, signed Attendance Lists, Class Enrollment Forms, and Exam Books, all of which contained a variety of false and fraudulent representations." According to the information, Koll returned the exam books and other exam-related materials to the state of Illinois. The information does not include any allegations that Koll kept the exam books or other exam-related materials. It also not does not allege that Koll disclosed exam questions or answers to anyone. The facts in the information do not allege that Koll deprived the State of Illinois, or the IDPH of property for purposes of Section 1341.

Under the facts in the information, at worst, Koll possessed copies of exam books and other exam-related materials for a period of time before returning them to the State of Illinois and she is not accused of disclosing or disseminating any of the information in the exam books or other exam-related materials. The government has not cited any cases in which temporary possession of exam materials, without an accompanying disclosure, has been found to constitute a deprivation of a property right under Section 1341. Therefore, the motion to dismiss is granted.

In its response to the motion to dismiss, the government cites to *United States v. Toulabi*, 875 F.2d 122 (7th Cir. 1989). The government incorrectly states that in *Toulabi*, the Seventh Circuit "found that an exam is 'property' for purposes of mail/wire fraud." *Resp*. at 7. In *Toulabi*, the Seventh Circuit reversed the district court's denial of a defendant's Section 2255 motion, holding that the jury did not necessarily find that the defendant had deprived the City of Chicago of any "property" for purposes of Section 1341. *Toulabi*, 875 F.2d at 126. In dicta, the Seventh Circuit opined that the defendant's disclosure of questions and/or answers to the City of

Chicago's taxi cab licensing exam could possibly constitute a deprivation of the City's property for purposes of Section 1341. *Id*. at 125. However, contrary to the government's assertion, the Seventh Circuit did not find that the taxi cab licensing exam itself constituted property under Section 1341. The dicta in *Toulabi* is distinguishable from facts in the information against Koll because Koll is not accused of disclosing any of the questions or answers to the IDPH exam.

*United States v. Hedaithy*, another case cited by the government, is also distinguishable from the facts in this case. 392 F.3d 580 (3rd Cir. 2004). In *Hedaithy*, the Third Circuit found that a testing service had a property interest, for purposes of Section 1341, in the confidentiality of the content of its exams. *Hedaithy*, 392 F.3d at 595. Similar to *Toulabi*, the reasoning in *Hedaithy* is not applicable to the instant case because Koll is not accused of disclosing the content of the IDPH exam.

In the government's response to the motion to dismiss, it attempts to amend the information. In its response, the government states that Koll "did not return the exam material back to the state as required. . . . she also stored exam materials at her house." *Resp*. at 10. However, those facts are not in the information. The court must determine the validity of the information solely based on the allegations within that actual document and will not consider additional facts included in the government's response brief. *See United States v. Watkins*, 709 F.2d 475, 478 (7th Cir. 1983). Accordingly, the court finds that the government has failed to alleged a violation of Section 1341 as to defendant Koll in the information.

### III. Conclusion

For the reasons set forth more fully above, the motion to dismiss the information is granted.

**ORDERED:**  Motion of defendant Maryanne Koll to dismiss information [37] is granted.  The

superseding information is dismissed.

ENTER:

George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED:   February 21, 2008