**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 CR 346-1 |
| v. | ) | |
| | ) | Hon. George W. Lindberg |
| MARYANNE KOLL, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Maryanne Koll's ("Koll" or "defendant") motion to dismiss the second superseding information ("information"), pursuant to Federal Rules of Criminal Procedure ("Rules") 7(c)(1) and 12(b)(2). For the reasons set forth more fully below, the motion to dismiss is granted.

*I. Relevant Facts*

This case has a slightly complicated history. On June 5, 2007, agents for the Federal Bureau of Investigation arrested Koll based on a complaint that alleged a violation of the mail fraud statute, 18 U.S.C. § 1341. Almost six month later, the government filed an information charging Koll and a co-defendant, Robert Henry, with mail fraud in violation of 18 U.S.C. § 1341. On December 4, 2007, the government filed a superseding information, again charging Koll and her co-defendant with a single count of mail fraud.

In the superseding information, the government alleged that between January 2003 and May 2007, Koll and her co-defendant participated in a scheme to defraud and obtain property owned by the State of Illinois and the Illinois Department of Public Health ("IDPH") by means of materially false and fraudulent pretenses. Koll was charged with fraudulently obtaining

sanitation certificate exam books and other exam-related materials from the IDPH in furtherance of her venture to procure IDPH sanitation certificates from the State of Illinois for individuals who had not attended an IDPH-approved sanitation certificate course. In exchange for a fee of $300 to $400, Koll allegedly arranged to provide sanitation certificates to individuals without requiring those individuals to take, or pass the IDPH required examination. The government's charging theory was that Koll defrauded the State of Illinois of the exam books and other exam-related materials.

Koll moved to dismiss the superseding information, arguing that the facts therein contradicted the government's charging theory. Specifically, the superseding information included explicit allegations that Koll returned the exam books and other exam-related documents to the State of Illinois. On February 21, 2008, this Court granted the motion to dismiss, finding that the government failed to allege a violation of Section 1341 because it did not plead the requisite deprivation of a property right.

Between February and August of 2008, the government asked for repeated continuances in the case. After more than six months of inaction on the part of the government, on August 27, 2008, the Court ordered the government to either abandon the case or file a second superseding indictment or information by October 1, 2008. After a morning status hearing before the Court, the government filed a second superseding information in the afternoon of October 1, 2008. The second superseding information named Koll as the sole defendant and charged her with five counts of bribery in violation of 18 U.S.C. § 666(a)(1)(B) ("Section 666").

The relevant facts in the second superseding information are similar to the facts in the first superseding information. Count I of the second superseding information charges Koll with

being an agent of the IDPH and allegedly accepting a $700 bribe from Individual A to be influenced and rewarded in connection with "any thing of value of $5000 or more, namely, the passage of two individuals on Sanitation Certificate examinations causing the issuance of State of Illinois Food Service Sanitation Manager Certificates to these two individuals." Count II details that Koll allegedly accepted a $385 bribe from Individual B intending to be influenced and rewarded in connection with "any thing of value of $5000 or more, namely, the passage of Individual C on a Sanitation Certificate examination causing the issuance of a State of Illinois Food Service Sanitation Manager Certificates [*sic*] to Individual C." Count III charges Koll with accepting $600 from Individual D to secure the passage of Individuals E and F on the Sanitation Certificate examination and the issuance of State of Illinois Food Service Sanitation Manager Certificates to them. Count IV charges Koll with accepting $275 from Individual G to secure Individual G's passage on the Sanitation Certificate examination. Count IV does not include an allegation that Koll secured the issuance of a State of Illinois Food Service Sanitation Manager Certificate for Individual G. Similar to Count IV, Count V charges Koll with accepting $275 from Individual H to secure Individual H's passage on the Sanitation Certificate examination and does not reference the issuance of a Sanitation Manager Certificate.

## II. Legal Analysis

Koll moves to dismiss the information, arguing that it fails to state a charge. Koll argues that the information does not adequately allege that (1) she was an agent of the State of Illinois when she allegedly solicited bribes from those seeking to pass the Sanitation Certificate examination and obtain sanitation certificates, or (2) that the property at issue had a value of $5,000 or more.

At this stage in the proceedings, the court takes the facts in the information as true and "view[s] all facts in the light most favorable to the government." *United States v. Yashar,* 166 F.3d 873, 880 (7th Cir.1999). Pursuant to Rule 7(c)(1), an information "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED.R.CRIM.P. 7(c)(1). To withstand a motion to dismiss, "an [information] must allege that the defendant performed acts which, if proven, constituted a violation of the law that he or she is charged with violating." *United States v. Gimbel,* 830 F.2d 621, 624 (7th Cir.1987). Koll argues that the instant information fails to meet the precepts of Rule 7(c)(1) because the facts alleged therein, even if proven, would not constitute a violation of Section 666.

### A. Agent

First, the Court turns to Koll's argument that she was not an agent of the IDPH or the State of Illinois for purposes of Section 666. As stated above, at this stage in the proceedings, the Court takes the facts in the second superseding information as true and construes all facts in the light most favorable to the government. In each of the five counts in the second superseding information, the government alleges that Koll was an agent of the IDPH, which is an agency of the State of Illinois. As the case law Koll cited in her written submissions demonstrates, whether Koll was in fact an agent of the IDPH for purposes of Section 666 is a factual question that cannot be resolved on a motion to dismiss. *See United States v. Ferber*, 966 F. Supp. 90 (D. Mass. 1997); *United States v. Tianello*, 860 F. Supp. 1521, 1524 (M.D. Fla. 1994).

### B. Value

Next, Koll argues that all five counts in the second superseding information must be dismissed because the property at issue in each of those counts - the passage of one or two

individuals on the sanitation certificate examination - does not have a value of $5,000 or more. For Counts I, II and III, the property also includes the issuance of one or two State of Illinois Food Service Sanitation Manager Certificates. The government's only response to this argument was in a footnote note on page 8 of its brief in response to the motion to dismiss. In that footnote, the government stated, without a corresponding case law citation, that "as a matter of law, the bribe itself does not necessarily have to be more than $5,000 to satisfy this element of Section 666." The government also stated that "[w]hen the bribe is less than $5,000, courts usually have looked to determine what the value of the transaction is to the person paying the bribe, which is a factual determination clearly left to the jury." The government cited, generally, to *United States v. Apple* and *United States v. Mongelli*. *Apple*, 927 F. Supp. 1119 (N.D. Ind. 1996); *Mongelli*, 794 F. Supp. 529 (S.D.N.Y. 1992).

Contrary to the government's unsupported assertion, at least one court has found that the determination of whether the property alleged in the information has a value of $5,000 or more, is not a factual determination clearly left to the jury. In *United States v. McCormack*, a Massachusetts district court granted a motion to dismiss an indictment, finding, among other things, that the indictment was defective because the allegations therein did not meet the "'$5,000 value' requirement" in 18 U.S.C. § 666. *McCormack*, 31 F. Supp. 2d 176, 189 (D. Mass 1998). In *McCormack*, the defendant allegedly paid state officials a total of $4,000 in bribes to look aside at a number of his state offenses. *Id*. The *McCormack* court found that the best measure of the value of intangible property is how much a person in the market is willing to pay for it. *Id*. at 182-182. In *McCormack*, that value was only $4,000, which did not meet the $5,000 threshold in Section 666. *Id*. at 189

There is no Seventh Circuit case law directly on point. In *United States v. Fernandes*, the Seventh Circuit affirmed a defendant's bribery conviction pursuant to 18 U.S.C. § 666(a)(1)(B). 272 F.3d 938, 945 (7th Cir. 2001). In *Fernandes*, the Seventh Circuit found that there was sufficient evidence to support the defendant's bribery conviction because the dollar amount of the bribes he received, "when added up, exceeded $5,000." *Id*. at 944. The cumulative approach in *Fernandes* is not applicable to the facts of this case. The government charged each of the five bribes identified in the second superseding information as a separate and independent violation of Section 666(a)(1)(B). Further, even if the Court added up all of the bribes identified in the second superseding information, they only amount to $2,235 - less than half of the $5,000 threshold.

According to the wording of the second superseding information, to secure a conviction on Count I, the government must prove that "the passage of two individuals on Sanitation Certificate examinations causing the issuance of State of Illinois Food Service Sanitation Manager Certificates to these two individuals" had a value of $5,000 or more. Koll argues that, as a matter of law, passing those two examinations and obtaining two sanitation certificates cannot be valued at more than $700 because that is what Individual A was willing to pay for them. The same argument applies to Counts II - V in the second superseding information.

The Seventh Circuit has not specifically addressed the appropriate method for determining whether the $5,000 threshold value has been met in a Section 666 bribery case. If the Court finds that the Seventh Circuit, if presented with this question, would look to the amount of the bribe Individual A paid as the appropriate method for valuing the passage of two examinations and the issuance of two sanitation certificates, then the motion to dismiss should be

granted. If the Court finds that the Seventh Circuit would adopt some other, more subjective valuation method, then the motion to dismiss should be denied and the valuation question should be left to the jury.

In *Fernandes*, the only case where the Seventh Circuit has attempted to value intangible items - expunging certain convictions for driving under the influence of drugs or alcohol - the Seventh Circuit looked to the value of the bribes. *Fernandes*, 272 F.3d at 944; *see also United States v. Mills*, 140 F.3d 630, 633 (6th Cir. 1998)(affirming the dismissal of two Section 666 bribery charges because the bribes at issue were less than $5,000). The Fifth Circuit addressed how to value intangible items in *United States v. Marmolejo*, and also looked to the value of the bribes. 89 F.3d 1185. In *Marmolejo*, a former sheriff and deputy sheriff were convicted under Section 666 for accepting bribes from an inmate in exchange for arranging conjugal visits. *Marmolejo*, 89 F.3d at 1188. The Fifth Circuit noted that "the $5,000 triggering provision ensures that [Section 666] reaches acts of bribery involving transactions of substantial value." *Id.* at 1194. It found that "[t]o decide whether a transaction involving intangibles has a value of $5,000 or more, courts should look to traditional valuation methods." *Id.* The court "conclude[d] that the conjugal visits in [that] case did have a value which exceeded $5,000 [and arrived] at this estimate in the same way that an appraiser would value an asset - by looking at how much a person in the market would be willing to pay for them." *Id.* In support of that finding, the court cited to *Herman v. United States,* 289 F.2d 362 (5th Cir. 1961) (stating that to determine if the value of stolen property is $5,000 or more, as required in 18 U.S.C. § 2314, courts must look at "the price a willing buyer would pay a willing seller at the time and place the property was stolen"), *cert. denied,* 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93 (1961); *United States v.*

7

*Seagraves,* 265 F.2d 876 (3d Cir.1959) (stating that amount defendants paid for stolen property can form basis for expert's valuation of the property under 18 U.S.C. § 2314). The inmate in *Marmolejo* was willing to pay $6,000 per month plus $1,000 for each conjugal visit. *Marmolejo*, 89 F.3d at 1194. Accordingly, the Fifth Circuit found that the bribes in that case involved something "of value of $5,000 or more." *Id*.

The Eighth Circuit has adopted a broader method for determining whether the $5,000 value requirement has been met in a Section 666 bribery case. In *United States v. Zimmerman*, the Eight Circuit affirmed two convictions under 18 U.S.C. § 666(a)(1)(B) that involved gratuities less than $5,000. 509 F.3d 920, 929 (8th Cir. 2007). In *Zimmerman*, the defendant was convicted of three separate violations of § 666(a)(1)(B). *Id*. at 922. The first count involved a $5,000 "gratuity." *Id*. at 926. The second and third counts involved $1200 and $1000 gratuities, respectively. *Id*. The "thing of value" involved in the second and third counts for purposes of §666(a)(1)(B) was the "development of a retail mall catering to Minneapolis's Somali-American community." *Id*. The defendant, a city councilman, was convicted of accepting gratuities from a businessman to lobby other councilmen to approve the businessman's pending rezoning application for the retail mall development. *Id*. at 923. After citing to both *Fernandes* and *Marmolejo*, the Eight Circuit held that the retail mall development met the $5,000 threshold because the value of the rezoned mall development was worth millions to the businessman who paid the gratuity. *Id*. at 927.

The facts in the instant case are more akin to the facts in *Fernandes* and *Marmolejo,* and this Court finds that the appropriate method for valuing the passage of an individual on a Sanitation Certificate examination and the issuance of a State of Illinois Food Service Sanitation

8

Manager Certificate is to look to the value of the bribes. Similar to the Fifth Circuit, the Seventh Circuit determines the value of stolen property by looking at the price a willing buyer will pay a willing seller. *See United States v. Brookins*, 52 F.3d 615, 619 (7th Cir. 1995)("This Court measures the 'market value' of stolen goods as 'the price a willing buyer will pay a willing seller either at the time and the place the property was stolen or at any time during the receipt or concealment of the property'."). The Seventh Circuit would also likely value the intangible property at issue in this case based on what the individual buyers were willing to pay the seller - Koll. The individuals were willing to pay at most $700 for passing two examinations and obtaining two sanitation certificates. $700, $385, $600, $275 and $275 are all far short of the $5,000 threshold. Therefore, all five counts in the second superseding information must be dismissed.

Finally, the second superseding information includes an allegation that Koll "caused the issuance of in excess of approximately 584 Sanitation Certificates to unqualified individuals." *Info*. at ¶ 2. The government could have charged Koll with a single count of bribery in violation of 18 U.S.C. § 666(a)(1)(B) and attempted to combine the value of a number of the bribes - the appropriate method for valuing intangible items, including passage of the Sanitation Certificate examination and the issuance of sanitation certificates - to reach the minimum $5,000 value threshold. *See United States v. Fernandes*, 272 F.3d 938, 944 (7th Cir. 2001). However, the government did not charge Koll's conduct as a collective scheme and the charging document, as written, is defective on its face.

*III. Conclusion*

For the reasons set forth more fully above, the motion to dismiss is granted and the second superceding information is dismissed.


**ORDERED**: Motion of defendant Maryanne Koll to dismiss second superseding information [68] is granted. The second superseding information is dismissed.


**E N T E R**:

_____
George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

**DATED**: March 5, 2009